# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **DUSTIN ROY KNIGHT DILL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | NO. 3:21-cv-00014 |
| ) | |
| **M. JONES, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION

Dustin Roy Knight Dill, a pretrial detainee at the Robertson County Detention Facility in Springfield, Tennessee, filed a pro se civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1) and an application to proceed as a pauper (Doc. No. 2). The Complaint is before the Court for an initial review under the Prison Litigation Reform Act and the in forma pauperis statute.

**I.  Application to Proceed as a Pauper**

The Court may authorize an inmate to file a civil suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Because Plaintiff's application to proceed as a pauper (Doc. No. 2) reflects that he cannot pay the filing fee in advance, it will be granted. The $350.00 filing fee will be assessed as directed in the accompanying Order. 28 U.S.C. § 1915(b)(1).

**II.  Initial Review**

The Court must dismiss the Complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A; 42 U.S.C. § 1997e(c)(1). The Court also must liberally construe pro se pleadings and hold them to "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

### A. Factual Allegations

Plaintiff checked a box on the Complaint form reflecting that he is pretrial detainee. (Doc. No. 1 at 4.) He alleges that he was arrested and placed in holding cell 2 at the Robertson County Detention Facility on November 27, 2020. (Id. at 4–5.) Around 11:00 p.m. that night, Corporal M. Jones punched Plaintiff "10 to 17 times" in Plaintiff's cell while Plaintiff was face down on the ground in handcuffs and a hobble strap. (Id. at 3, 5.) As a result, Plaintiff alleges that he suffered injuries to his wrists, ankles, and right shoulder. (Id. at 5.) Plaintiff sues Corporal Jones and the Robertson County Detention Facility, seeking monetary damages and the reinstatement of his driver license. (Id. at 2, 5.)

### B. Legal Standard

To determine if the Complaint passes initial review under the applicable statutes, the Court applies the Rule 12(b)(6) standard. Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009)). An assumption of truth does not extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007)).

### C. Analysis

"There are two elements to a § 1983 claim. First, a plaintiff must allege that a defendant acted under color of state law. Second, a plaintiff must allege that the defendant's conduct deprived the plaintiff of rights secured under federal law." Handy-Clay v. City of Memphis, Tenn., 695 F.3d 531, 539 (6th Cir. 2012) (citations omitted).

### 1. Robertson County Detention Facility

As an initial matter, Plaintiff fails to state a claim against the Robertson County Detention Facility because it is a building, "not a 'person' or legal entity subject to suit under 42 U.S.C. § 1983." McIntosh v. Camp Brighton, No. 14-CV-11327, 2014 WL 1584173, at *2 (E.D. Mich. Apr. 21, 2014) (collecting cases establishing that jail facilities are improper defendants under Section 1983). To the extent that Plaintiff is attempting to bring this action against Robertson County itself, Plaintiff fails to state a claim as well. To impose liability on a municipality like Robertson County under Section 1983, Plaintiff must allege that he "suffered a constitutional violation" and that the County's "policy or custom directly caused the violation." Hardrick v. City of Detroit, Mich., 876 F.3d 238, 243 (6th Cir. 2017) (citing Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690–92 (1978)). Here, Plaintiff does not allege that Corporal Jones's assault was due to a policy or custom of Robertson County. Accordingly, Plaintiff fails to state a claim against the County and the Robertson County Detention Facility will be dismissed as a party.

### 2. Corporal Jones

Plaintiff alleges that Corporal Jones repeatedly punched him while Plaintiff was face down in restraints. As a pretrial detainee, the Due Process Clause of the Fourteenth Amendment establishes Plaintiff's right to be free from excessive force. Coley v. Lucas Cnty., Ohio, 799 F.3d 530, 537–38 (6th Cir. 2015) (discussing Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473 (2015)). "[W]hen assessing pretrial detainees' excessive force claims [the Court] must inquire into whether the plaintiff shows 'that the force purposely or knowingly used against him was objectively unreasonable.'" Id. at 538 (quoting Kingsley, 135 S. Ct. at 2473). This inquiry should "account for the 'legitimate interests that stem from [the government's] need to manage the facility in which the individual is detained,' appropriately deferring to 'policies and practices that in th[e] judgment'

of jail officials 'are needed to preserve internal order and discipline and to maintain institutional security.'" Kingsley, 135 S. Ct. at 2473 (quoting Bell v. Wolfish, 441 U.S. 520, 540 (1979)).

Here, accepting Plaintiff's allegations as true, the Court concludes that Plaintiff has stated an excessive force claim against Corporal Jones.

### 3. Request to Reinstitute Driver License

In addition to seeking monetary damages, Plaintiff requests the reinstatement of his driver license. This request is entirely unrelated to the excessive force claim underlying this case, and the Court "may not grant injunctive relief to remedy an alleged [constitutional] violation" that "is not at issue in th[e] suit" before the Court. See King v. Zamiara, 788 F.3d 207, 217–18 (6th Cir. 2015) (citing De Beers Consol. Mines, Ltd. v. United States, 325 U.S. 212, 220 (1945)). Accordingly, Plaintiff's request for injunctive relief will be denied.

## III. Conclusion

For these reasons, Plaintiff's excessive force claim against Corporal M. Jones will be referred to the Magistrate Judge for further proceedings consistent with the accompanying Order. Robertson County Detention Facility will be dismissed as a party, and Plaintiff's request to reinstate his driver license will be denied.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE